■ In the Matter of WILLIAM N., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County (Marjory D. Fields, J.), entered on or about December 1, 1989, which adjudicated appellant a juvenile delinquent and ordered him placed in the custody of the New York State Division for Youth for a period of 18 months upon a fact-finding that determined that appellant had committed acts which, if committed by an adult, would constitute the crimes of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, attempted robbery in the second degree, attempted grand larceny in the fourth degree, reckless endangerment in the second degree, and criminal possession of a weapon in the second degree, unanimously affirmed, without costs.

We find no merit to appellant's claim that the fact-finding court unduly restricted his counsel's cross-examination of the witnesses (Richardson, Evidence § 490 [Prince 10th ed]). And

contrary to appellant's claim, the court did not err by not striking testimony. The missing "RIP" material, which has been made part of the record on appeal, was not *Rosario* material. The officer who prepared the reports did not testify at the trial *(People v Young,* 79 NY2d 365). Appellant was not entitled to CPL 710.30 notice of a statement he made which was overheard by a witness as appellant passed by on the street with his cohorts. Appellant's statement was not "obtained" within the meaning of CPL 60.45. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.